ORIGINAL

Approved: _____
ABIGAIL S. KURLAND
ADAM FEE
SANTOSH ARAVIND
Assistant U.S. Attorney

**14 MAG 0477**

Before:   HON. JAMES C. FRANCIS IV
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - x
                                :      **SEALED COMPLAINT**

UNITED STATES OF AMERICA        :      Violation of 21 U.S.C.
                                       §§ 812, 841(a)(1),
        - v. -                  :      841(b)(1)(A), and 846;
                                       18 U.S.C. §§ 924(c),
                                       1958 and 2

MATTHEW DAVIS,                  :
  a/k/a "Matt,"                        COUNTY OF OFFENSE:
                                :      Bronx
            Defendant.
                                :
- - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

        BRENDAN M. KENNEY, being duly sworn, deposes and says
that he is a Special Agent with the Federal Bureau of
Investigation ("FBI"), and charges as follows:

                          **COUNT ONE**

        1.    From in or about 2010 through in or about 2012,
in the Southern District of New York and elsewhere, MATTHEW
DAVIS, a/k/a "Matt," the defendant, and others known and
unknown, intentionally and knowingly did combine, conspire,
confederate, and agree together and with each other to violate
the narcotics laws of the United States.

        2.    It was a part and an object of the conspiracy
that MATTHEW DAVIS, a/k/a "Matt," the defendant, and others
known and unknown, would and did distribute and possess with the
intent to distribute a controlled substance, in violation of
Title 21, United States Code, Section 841(a)(1).

3.    The controlled substance that Matthew Davis, a/k/a "Matt," the defendant, conspired to distribute and possess with intent to distribute was 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, commonly known as crack cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

### COUNT TWO

4.    In or about September 2010, in the Southern District of New York, MATTHEW DAVIS, a/k/a "Matt," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to use and cause another to use a facility of interstate commerce, with intent that a murder be committed in violation of the laws of any State and the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value, to wit, in exchange for a promise of payment to another co-conspirator not named as a defendant herein ("CC-1"), DAVIS agreed with CC-1 and others in the Bronx, New York, to kill Terry Harrison, a/k/a "T-Money," which resulted in CC-1 shooting and killing Harrison in the Bronx, New York, on or about September 10, 2010.

(Title 18, United States Code, Section 1958.)

### COUNT THREE

5.    In or about September 2010, in the Southern District of New York and elsewhere, MATTHEW DAVIS, a/k/a "Matt," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the murder-for-hire conspiracy charged in Count Two of this Complaint, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was discharged.

(Title 18, United States Code,
Sections 924(c)(1)(A)(iii), and 2.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

6.    I have been an FBI Special Agent for approximately five years.  During that time, I have participated

2

in numerous investigations of unlawful drug distribution in and
around the New York metropolitan area. I have also participated
in numerous investigations of violence, including murders and
non-fatal shootings, committed by individuals involved in
unlawful drug distribution. Through my training, education, and
experience, I have become familiar with the manner in which
illegal drugs are imported and distributed; the way in which
illegal drugs are prepared, packaged, and sold on the street;
some of the methods of payment for such drugs; and the methods
and means by which individuals involved in drug distribution
offenses organize and carry out acts of violence against their
drug trafficking rivals.

7.     I make this Affidavit in part on personal
knowledge based on my participation in the investigation and
conversations with cooperating witnesses, and other law
enforcement, including law enforcement personnel with the New
York City Police Department ("NYPD").

8.     Furthermore, because this Affidavit is being
submitted for the limited purpose of establishing probable
cause, it does not include all the facts that I have learned in
the course of this investigation. Where I describe
conversations and statements below, I am describing them in
substance and in part, unless otherwise noted.

**PROBABLE CAUSE**

9.     From speaking with a detective with the NYPD
("Detective-1"), I have learned the following:

a.     On or about September 10, 2010, a gunman
shot and killed Terry Harrison, a/k/a "T-Money," at a location
in the vicinity of 684 Courtlandt Avenue in the Bronx, New York.

b.     Subsequently, in or about March 2011, the
NYPD and agents with the Bureau of Alcohol, Tobacco, Firearms
and Explosives ("ATF") arrested CC-1 on a firearms possession
charge.

c.     Following his arrest, CC-1 confessed to
Detective-1, and others, that he shot and killed Harrison on or
about September 10, 2010.

10.     CC-1 has since pleaded guilty to, among other
offenses, committing the murder-for-hire of Harrison on or about
September 10, 2010, pursuant to a cooperation agreement with the
Government. CC-1's statements to law enforcement concerning the

3

murder of Harrison have been corroborated by independent
evidence and proven reliable in all material respects.

          11.    From speaking with CC-1, I have learned the
following:

          a.    In or about September 2010, CC-1 was
approached in the Bronx, New York by MATTHEW DAVIS, a/k/a
"Matt," the defendant, who asked CC-1 to participate in a scheme
to kill Terry Harrison, a/k/a "T-Money."

          b.    On or about September 10, 2010, DAVIS, and
other co-conspirators not named herein, met with CC-1 in the
vicinity of 684 Courtlandt Avenue.  DAVIS organized that meeting
by contacting CC-1 via cellphone.  Based on my training and
experience, I know that that communication involved the use of a
facility of interstate commerce.

          c.    That day, DAVIS gave CC-1 a gun, which DAVIS
told CC-1 to use to shoot and kill Harrison.  DAVIS also
provided to CC-1 a physical description of Harrison so that CC-1
could locate him.

          d.    Shortly after receiving the gun from DAVIS,
CC-1 approached Harrison in the vicinity of 684 Courtlandt
Avenue, and shot Harrison three times, causing his death.

          e.    Following the murder of Harrison, DAVIS, CC-
1, and other co-conspirators not named herein, traveled to a
location in Harlem, New York, where DAVIS and CC-1 met with
Roger Key, a/k/a "Luchie."[1]  At that meeting, Roger Key said to
CC-1 that he was thankful that CC-1 took care of killing
Harrison for Key.  Key then gave CC-1 approximately $1,000 in
cash as payment for committing the murder of Harrison.

          12.    From speaking with another cooperating witness
("CW-1"), who previously has pled guilty to drug distribution
offenses in this District pursuant to a cooperation agreement
with the Government, and who has provided reliable information,
which has been corroborated by independent evidence, I have
learned the following:

---

[1] Roger Key is currently charged with, among other violence,
firearms, and narcotics-related offenses, participating in the
murder-for-hire conspiracy relating to the murder of Terry
Harrison in the case *United States* v. *Roger Key*, S9 12 Cr. 712
(SHS), which is currently pending in this District.

          a.    In or about 2010, CW-1 and a co-conspirator not named herein ("CC-2") met with MATTHEW DAVIS, a/k/a "Matt," for the purpose of completing a drug transaction at a location in the Bronx, New York.

          b.    On one occasion at a location in the Bronx, New York, CW-1 observed CC-2 provide to DAVIS approximately 200 grams of cocaine base, commonly known as crack cocaine.

          c.    Subsequently, on multiple occasions beginning in or about 2010 through in or about 2012, CW-1 learned from speaking with CC-2 and with DAVIS directly that DAVIS was responsible for purchasing dozens of grams of crack cocaine from CC-2 in exchange for cash.

          d.    In or about 2010, CW-1 learned from speaking with CC-2 that DAVIS was also being supplied with drugs by Roger Key, a/k/a "Luchie."

          13.    I have also spoken with another cooperating witness ("CW-2"), who previously has pled guilty to drug distribution offenses in New York State Supreme Court pursuant to a cooperation agreement, and who has provided reliable information, which has been corroborated by independent evidence.  CW-2 told me that, in or about 2011, MATTHEW DAVIS, a/k/a "Matt," told CW-2 that DAVIS was close with Roger Key, a/k/a "Luchie," and that they were getting money together, which CW-2 understood to mean that DAVIS and Key were involved in drug distribution.

          WHEREFORE, I respectfully request that MATTHEW DAVIS, a/k/a "Matt," the defendant, be arrested, and imprisoned or bailed, as the case may be.

BRENDAN M. KENNEY
Special Agent
Federal Bureau of Investigation

Sworn to before me this
11th day of March, 2014

HON. JAMES C. FRANCIS IV
United States Magistrate Judge
Southern District of New York