UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                :
MATTHEW DAVIS,                     :
                :      1:19-cv-01965 (PAC)
              Petitioner,      :
                :      1:19-cv-02026 (PAC)
    -against-            :
                :      1:14-cr-00296 (PAC)
UNITED STATES OF AMERICA,    :
                :
           Respondent.     :      **ORDER DENYING PETITION**
                :      **UNDER 28 U.S.C. § 2255**
-------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* Petitioner Matthew Davis ("Petitioner," "Davis") moves under 28 U.S.C. § 2255 to vacate, correct, or set aside the sentence imposed for his conviction on a narcotics conspiracy charge after a jury trial before Judge Katherine B. Forrest in 2015.[1] Petitioner puts forward nine grounds that he argues entitle him to relief.[2] The Government opposes the petition.

All of Davis's claims have been either procedurally defaulted or are without merit, and his motion is DENIED.

## BACKGROUND

Davis was arrested on March 11, 2014; a Third Superseding Indictment (the "Indictment") was filed against him on March 3, 2015. Minute Entry dated Mar. 11, 2014; Dkt. 51. The Indictment charged Davis with conspiring to distribute and possess with intent to distribute five kilograms and more of mixtures and substances containing a detectable amount of

---

[1] All docket numbers in this Order refer to *United States v. Davis*, 1:14-cr-00296-PAC-1, unless otherwise noted.

[2] Some of Davis's arguments on this petition overlap with his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), Dkts. 192–202, which the Court decides in a separate opinion.

cocaine, and 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 ("Count One"); conspiring to engage a murder for hire ("Count Two") and a substantive count of murder for hire ("Count Three") in violation of 18 U.S.C. §§ 1958 and 2; using, carrying, and possessing a firearm in relation to a crime of violence in violation of 18 U.S.C. §§ 924(j)(i) and 2 ("Count Four"); using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 ("Count Five"); and murder in connection with a drug crime in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2 ("Count Six").  Davis pled not guilty to all counts.[3]  Minute Entry dated Mar. 12, 2015.

On January 20, 2015, the Government filed a prior felony information ("PFI") pursuant to 21 U.S.C. § 851.  Dkts. 41–43.  The PFI charged Davis with a January 30, 2002 conviction in Bronx County Supreme Court for criminal sale of a controlled substance on school grounds in violation of New York Penal Law § 220.44 and criminal sale of a controlled substance in the third degree in violation of New York Penal Law § 220.39.  Dkt. 42, at 1.  The PFI subjected Davis to the then-current mandatory minimum of 20 years under 21 U.S.C. § 841(b)(1)(A).  Dkt. 42, at 2.

Judge Forrest conducted a jury trial from March 30 to April 20, 2015.  While the jury deliberated, Judge Forrest granted the Defendant's Federal Rule of Criminal Procedure 29 motion and entered a judgment of acquittal on Counts Two through Five, the murder-for-hire charges.  Dkt. 76, at 1–2. Judge Forrest found that the Government had not put forward sufficient evidence such that any rational juror could find guilt beyond a reasonable doubt on the

---

[3] The murder-for-hire charges were in connection with the September 10, 2010 killing of Terry Harrison by Kevin Wilson, who was a cooperating witness at Davis's trial.  Dkt. 76, at 8–9.

"pecuniary value" element of the murder-for-hire charges. Dkt. 76, at 15. The jury returned a partial verdict on April 20 finding the Defendant guilty on Count One and indicating their inability to reach a unanimous verdict on Count Six. Tr., Dkt. 122, at 2101:20–2102:15. Judge Forrest imposed a sentence of 240 months' imprisonment on Count One on October 27, 2015. Dkt. 128, at 1; Sent'g Tr., Dkt. 138, at 55:8–11.

Davis appealed, Dkt. 131, arguing that the evidence at trial was insufficient to support his conviction, that the jury's deliberations were tainted by the introduction of evidence regarding Harrison's murder, that hearsay statements and statements made by Davis after his arrest were improperly admitted, that the Government pursued a vindictive prosecution by filing two superseding indictments and a prior felony information, and that the Government's summation was misleading. Dkt. 185, at 14. The Court of Appeals affirmed the district court's judgment. *United States v. Davis*, 687 F. App'x 75, 76–79 (2d Cir. 2017) (summary order).

Davis also moved for a new trial under Federal Rule of Criminal Procedure 33 on October 18, 2016, citing "newly discovered evidence" in the form of testimony given by a cooperating witness, Robert Parris ("Parris"), in a separate trial. Dkt. 141; Dkt. 143, at 7. The district court reviewed the relevant testimony and rejected Davis's motion for a new trial as "lack[ing] any merit whatsoever," further observing that the testimony "actually confirms Davis's presence at certain events and places him among the relevant players; if anything, it appears to the Court that [Parris's] testimony would be inculpatory rather than otherwise." Dkt. 163, at 1. The Court of Appeals affirmed, *United States v. Davis*, 715 F. App'x 107, 108 (2d Cir. 2018) (summary order), and the Supreme Court denied Davis's petition for a writ of certiorari. *Davis v. United States*, 139 S. Ct. 848 (2019).

Davis filed two 2255 motions to vacate his conviction on February 20, 2019; the Court consolidated the two motions and directed the Government to respond.  Dkts. 174–75, 176.  Because the petition is brought *pro se*, "the Court reads '[Davis's] submissions broadly so as to determine whether they raise any colorable legal claims.'"  *Antomattei v. United States*, No. 16-cv-9992 (RJS), No. 12-cr-322 (RJS), 2020 WL 3969964, at *3 (S.D.N.Y. July 14, 2020) (quoting *Parisi v. United States*, 529 F.3d 134, 139 (2d Cir. 2008)).

## DISCUSSION

### I.   Legal Standards

#### A. Procedural Default

A federal prisoner may move to "vacate, set aside, or correct" his sentence where it was imposed contrary to law, where the court lacked jurisdiction to impose the sentence, where the sentence exceeds the authorized maximum, or where the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255.  Review under the statute, however, "is an extraordinary remedy and 'will not be allowed to do service for an appeal.'"  *Bousley v. United States*, 523 U.S. 614, 621 (1998).  "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'"  *Id.* at 622 (internal citations omitted).  *See also De Jesus v. United States*, 161 F.3d 99, 102–03 (2d Cir. 1998).

To satisfy the "cause" requirement a petitioner must show that the procedural default resulted from "something *external* to the petitioner, something that cannot fairly be attributed to him."  *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (emphasis in original).  *See also Jones v. United States*, 19 Civ. 9376 (LGS), 17 Cr. 770 (LGS), 2020 WL 4887025, at *2 (S.D.N.Y. Aug. 19, 2020).  The existence of "cause" for a procedural default rests on whether the default resulted

4

from "some objective factor external to the defense," such as "that the factual or legal basis for a claim was not reasonably available to counsel," or "that 'some interference by officials' made compliance impracticable." *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (internal citations omitted). "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Id.* at 486.

"[A]ctual innocence means factual innocence, not merely legal insufficiency," and to establish actual innocence the "petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)). The standard for actual innocence "is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006).

### B. Ineffective Assistance of Counsel

"A habeas petitioner can . . . establish cause by showing he received constitutionally ineffective assistance of counsel." *Antomattei*, 2020 WL 3969964, at *4. To make out a claim for ineffective assistance of counsel on a 2255 motion, the petitioner must meet both *Strickland v. Washington* tests, and demonstrate: (1) that, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. 668, 690, 694 (1984). *See also United States v. Nolan*, 956 F.3d 71, 79 (2d Cir. 2020). "The standard of *Strickland* 'is rigorous, and the great majority of habeas petitions that allege constitutionally ineffective

counsel founder on [it].'"  *Bell v. Miller*, 500 F.3d 149, 155 (2d Cir. 2007) (quoting *Lindstadt v. Keane*, 239 F.3d 191, 199 (2d Cir. 2001)).

## II.     Application

Davis's two petitions (which were consolidated by this Court) and two amended memoranda of law[4] raise nine separate claims for relief: (1) that the sentencing court failed to follow the procedures set out in 21 U.S.C. § 851; (2) that the conviction underlying the PFI filed by the Government resulting in the application of a mandatory minimum sentence of 20 years is now invalid after the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); (3) that in light of *Mathis* he is "actually innocent" and a career offender designation is improper as applied to him; (4) that he should be resentenced under the First Step Act of 2018 ("FSA"); (5) that the Government engaged in prosecutorial misconduct constituting a violation of Davis's Fifth Amendment rights; (6) that he received ineffective assistance of counsel at trial; (7) that the district court's determination that Davis is subject to a career offender designation constitutes error; (8) that the district court failed to make a finding regarding the extent of Davis's agreement to participate in the conspiracy; and (9) that the district court's use of "acquitted conduct" in calculating his Sentencing Guidelines range violated his rights.  Dkt. 174, at 5–10; Dkt. 175, at 5–7; Dkt. 177, at 5–11; Dkt. 185, at 17–18.  These claims can be subdivided into five categories:  claims related to the PFI filed against Davis; a FSA claim; an ineffective assistance of counsel claim; a claim related to alleged prosecutorial misconduct; and claims related to Davis's sentencing.

---

[4] The second of Davis's two amended memoranda of law in support of his petitions was filed in 19cv2026, at Dkt. 6.

6

The Government argues that these claims are all either procedurally defaulted or without merit, and that claims regarding a resentencing under the FSA's reduced mandatory minimum, prosecutorial misconduct, and ineffective assistance of counsel have been abandoned. Dkt. 185, at 19.

The Court considers each claim in turn.

**A. PFI Claims**

    **1. Sentencing Court's Failure to Follow Section 851 Procedure**

"Congress established a specific, multistep procedure to be followed before an enhanced sentence is imposed based on a prior felony drug conviction." *United States v. Espinal*, 634 F.3d 655, 662 (2d Cir. 2011). The statute requires the sentencing court to ask the defendant "whether he affirms or denies that he has been previously convicted as alleged in the information," and to "inform [the defendant] that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." 21 U.S.C. § 851(b). There is no doubt that "the procedures set forth in the statute are not insignificant, and failure to apply them can result in considerable prejudice to a defendant." *Espinal*, 634 F.3d at 665. However, "[f]ailure to adhere to the letter of § 851's procedures does not automatically invalidate the resulting sentence," and such failure does not always constitute prejudice to the defendant. *Id.*

The Government concedes that the sentencing court did not follow the procedure in 21 U.S.C. § 851 before sentencing Davis, Dkt. 185, at 25, and Davis contends that he was prejudiced because he says he would have contested the prior conviction underlying the PFI if the required colloquy had occurred.

The Court finds that Davis procedurally defaulted this claim, which he could have raised but did not in either of his post-conviction appeals. *See Sapia v. United States*, 433 F.3d 212, 214 (2d Cir. 2005) ("[A] claim for failure to comply with § 851 is . . . subject to procedural default."). Davis therefore may not raise the claim now on collateral review. *See Bousley*, 523 U.S. at 623.

Furthermore, Davis cannot show prejudice resulting from the sentencing court's failure. The Government contends that the sentencing court's failure to follow the 21 U.S.C. § 851 procedures did not constitute prejudice because the Petitioner was "aware" that the Government had filed the PFI and because his counsel contested the PFI—but these arguments do nothing to remedy the court's failure to follow the procedure. *See Espinal*, 634 F.3d at 665 ("The statute does not require a defendant to respond to the prior felony information sua sponte."). Rather, dispositive on the question of whether Davis suffered prejudice here is that, even if the required procedures had been followed, the five-year statute of limitations in 21 U.S.C. § 851(e) prohibits a defendant from "challeng[ing] the validity of any prior conviction . . . which occurred more than five years before the date of the information alleging such prior conviction." Davis, even at his 2015 sentencing, would therefore have been precluded from objecting to the 2002 conviction underlying the PFI. *See United States v. Jones*, 571 F. App'x 16, 19 (2d Cir. 2014) (summary order); *United States v. Harding*, 308 F. App'x 531, 532 (2d Cir. 2009) (summary order) ("The statute expressly provides a limited window during which such challenges may be raised."). For the same reason, Davis's arguments that his counsel was ineffective for not doing more to challenge the PFI are meritless, where any such challenge would necessarily have run afoul of 21 U.S.C. § 851(e)'s five-year limit. Davis cannot have been prejudiced where the arguments he would have liked his counsel to have made would have been barred by the statute.

### 2. *Mathis* Claims

Davis claims that the Supreme Court's decision in *Mathis* announced a new rule of constitutional law that is available on collateral review, that *Mathis* invalidates his prior conviction as a predicate offense for purposes of the 21 U.S.C. § 851 sentencing enhancement, and that as a result of the holding in *Mathis* he is "actually innocent of the career offender designation and § 851 enhancement." Dkt. 174, at 35–38.

Contrary to Davis's assertion that *Mathis* applies retroactively, "[t]he Second Circuit has held that *Mathis* did not announce a new constitutional right retroactively applicable for cases on collateral review." *Maldonado v. United States*, 16-cv-4864 (PKC), 11-cr-568 (PKC), 2018 WL 5886439, at *3 (S.D.N.Y. Nov. 9, 2018) (citing *Washington v. United States*, 868 F.3d 64, 66 (2d Cir. 2017)). *See also Marrero v. United States*, 11-cr-568 (PKC), 17-cv-1300 (PKC), 2018 WL 4080350, at *3 (S.D.N.Y. Aug. 27, 2018).

That aside, Davis has procedurally defaulted these claims. *Mathis* was decided on June 23, 2016—after Davis had filed his first appeal, Dkt. 131, but before he filed his motion for a new trial, Dkt. 141, the denial of which he also appealed. Dkt. 165. Nowhere in the instant motion does Davis address his failure to raise these claims on appeal, nor does he argue cause or prejudice that could entitle him to post-conviction relief. Finally, Davis misses the mark with his argument that he is "actually innocent" of the 2002 conviction underlying his PFI. "Actual innocence" in this context requires the petitioner to show "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Davis presents nothing to suggest that he is factually innocent of the offenses of which he was convicted in 2002, and which were charged in the PFI.

### B. FSA Claim

Davis points to the fact that the FSA reduced the mandatory minimum sentence for his narcotics conspiracy count from 20 years to 15, and asks this Court to consider whether it was "unreasonable" for the sentencing court to deny a continuance of his sentencing while legislation that would, in part, be enacted as the FSA three years later was under consideration in Congress. Dkt. 174, at 9; Dkt. 190, at 49. He asks for a resentencing under the new mandatory minimum. Davis provides no authority supporting his contention that this Court can or should inquire into the reasonableness of the sentencing court's denial of a continuance.[5]

In any event, Davis was sentenced before the date of the FSA's enactment on December 21, 2018, and the text of the FSA makes clear that the reduced mandatory minimum Davis seeks does not apply retroactively. Section 401(c) of the FSA states that the Act's reduced mandatory minimum for offenses under 21 U.S.C. § 841(b)(1) "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Davis's sentence was imposed before the FSA's date of enactment, and therefore he is not entitled to a resentencing or a reduction under the amended mandatory minimum.

### C. Prosecutorial Misconduct

Davis next contends that the Government engaged in prosecutorial misconduct that violated his Fifth Amendment Due Process rights by filing a superseding indictment approximately four weeks before the start of his trial, and by "tr[ying] to leave [him] defenseless

---

[5] The pending legislation was discussed extensively at sentencing, and Judge Forrest indicated that, even if the reduced mandatory minimum had been in force at the time Davis was sentenced, she was not considering a sentence of 15 years. Sent'g Tr., Dkt. 138, at 7:13–14 ("[O]ne of my considerations right now is I'm not thinking of 15 years even under 3553(a).").

10

right before trial." Dkt. 175, at 5. Davis raised the same argument regarding the superseding indictment in his first appeal, and the Court of Appeals stated plainly that Davis "[did] not dispute the government's claim that he failed to raise this claim before trial, nor does he argue that he lacked a basis to bring the motion before trial. Therefore Davis has forfeited this argument." *Davis*, 687 F. App'x at 79. Nothing since the Second Circuit's 2017 decision has changed, and the arguments that were rejected then will not be second-guessed by the Court today. *See Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (stating that the "mandate rule bars re-litigation [on a 28 U.S.C. § 2255 motion] of issues already decided on direct appeal").

As to Davis's generalized argument that the prosecution "left him defenseless right before trial," he offers nothing that would help the Court make sense of this claim, does not explain why he did not raise it in either of his appeals, and he makes no attempt at demonstrating cause or prejudice. The Court therefore considers it procedurally defaulted.

### D. Ineffective Assistance of Counsel Claim Under Sixth Amendment

Davis contends that his trial counsel was ineffective because he did not inform Davis that the Government would not call a witness, Robert Parris; that his counsel did not "investigate the redacted portion of Karriem Thomas's testimony as it relate[d] to Parris"; and because his counsel did not move for an adjournment when a paralegal became ill during Davis's trial. Dkt. 175, at 6–7.

While "the general rule [is] that claims not raised on direct appeal may not be raised on collateral review" absent a showing of cause and prejudice, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner

11

could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Both of Davis's first two arguments—that his trial counsel was ineffective for not telling him that Parris would not be called as a Government witness and for not investigating the redacted portions of Thomas's testimony as it related to Parris—were effectively addressed and disposed of by the Second Circuit on Davis's appeal from the denial of his Rule 33 motion. *Davis*, 715 F. App'x at 108. The Court of Appeals found that Parris's testimony "was consistent with other witnesses" and "at best . . . would [have] provide[d] material for impeachment." *Id.* at 108. Furthermore, the Court of Appeals found that "the evidence [was] unlikely to have led to an acquittal" because "[t]he testimony at Davis's trial provided a sufficient basis for his conviction, and nothing in Parris's Section 3500 materials directly contradicts that evidence." *Id.*

Assuming *arguendo* that Davis's counsel was deficient under the first prong of *Strickland*, it is nevertheless apparent that Davis would not have enjoyed a different outcome at trial but for these alleged acts and omissions by his attorney. Because Parris's testimony would not have helped Davis at trial, it cannot be the case that counsel's failure to tell Davis that Parris would not testify, or counsel's decision to not investigate the redacted portions of Thomas's § 3500 material as it related to Parris, would have sufficiently prejudiced Davis so as to satisfy *Strickland*'s second test. *See Reed*, 468 U.S. at 13 ("[A]bsent exceptional circumstances, a defendant is bound by the tactical decisions of competent counsel."); *Gibbons v. Savage*, 555 F.3d 112, 122 (2d Cir. 2009) ("Actions and/or omissions taken by counsel for strategic purposes generally do not constitute ineffective assistance of counsel.").

Finally, Davis's counsel's alleged failure to not ask for an adjournment when a paralegal fell ill at trial falls flat under each of *Strickland*'s tests. *See, e.g., United States v. Tramunti*, 513

12

F.2d 1087, 1118 (2d Cir. 1975) (observing that even death of counsel in the midst of trial will not always require a continuance).

### E. Davis's Sentencing

Davis contends in his seventh ground for relief that the sentencing court improperly applied a career offender designation. His arguments against the applicability of the designation appear to mostly derive from his reading of *Mathis*, but the first hurdle—which he does not pass—is to determine whether cause and prejudice save this claim from procedural default. Dkt. 190, at 10–11. They do not. Davis offers nothing as to cause, and did not suffer prejudice because, as the Government points out, his criminal history category would have remained the same and the Guidelines would still have been above the imposed sentence even without the designation. Dkt. 185, at 32 n.13.

Davis's final claims are that the district court failed to make a finding regarding the extent of his agreement to participate in the conspiracy, and that the court's use of "acquitted conduct" in calculating his Sentencing Guidelines violated his rights. Davis offers, and the Court finds, nothing to suggest either cause or prejudice as to either of these two claims, and they are accordingly procedurally defaulted.

## CONCLUSION

The Court has considered all of Davis's arguments and found them to be either procedurally defaulted or without merit. The petition is accordingly DENIED in full. Because Davis has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and

therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to close the motions at Dkts. 174 and 175 in 1:14-cr-00296, Dkt. 14 in 1:19-cv-2026, and Dkt. 16 in 1:19-cv-01965.

Dated: New York, New York
       September 21, 2020

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copy mailed to:
Matthew Davis
69975-054
FCI Loretto
P.O. Box 1000
Cresson, P.A. 16330