UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

UNITED STATES OF AMERICA                                   :

                                                           :        1:14-cr-00296-PAC-1

        - against -                                        :

                                                           :        **OPINION & ORDER**

MATTHEW DAVIS,                                             :

            Defendant.                                     :

------------------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendant Matthew Davis ("Defendant," "Davis") is a 41-year-old inmate incarcerated at

Federal Correctional Institution Loretto ("FCI Loretto") in Pennsylvania.  He moves for

compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the grounds that his medical

conditions—he has been diagnosed with asthma, says he is borderline diabetic, and receives

injections for allergies—put him at a heightened risk should he contract COVID-19 in prison.

The Government opposes Davis's motion on the grounds that he has failed to demonstrate

"extraordinary and compelling reasons" that would give rise to this Court's discretionary power

to grant a sentence reduction, and because the factors in 18 U.S.C. § 3553(a) are against release.

Davis' motion is DENIED without prejudice to its renewal should Davis's health or

conditions at FCI Loretto materially worsen.

## BACKGROUND

Davis was arrested on March 11, 2014 on a criminal complaint charging a narcotics

conspiracy and alleged murder-for-hire scheme.  Dkt. 1, at 1–5; Minute Entry dated Mar. 11,

2020.  Davis pleaded not guilty on May 15, 2014.  Minute Entry dated May 15, 2014.  A

Superseding Indictment[1] was filed on March 3 and the Defendant entered a plea of not guilty on March 12, 2015.  Dkt. 51; Minute Entry dated Mar. 12, 2015.  A jury trial began on March 30 and continued through April 23, 2015.  In the course of jury deliberations Judge Forrest granted the Defendant's Federal Rule of Criminal Procedure 29 motion, dismissing Counts Two through Five, the counts related to the murder-for-hire charges.  Dkt. 76, at 1–2.  On April 23, 2015, the jury returned a verdict of guilty on Count One and did not reach a unanimous verdict on Count Six.  Dkt. 89, at 1–2.

As the Presentence Report ("PSR") recounts, Davis had 11 previous convictions, including four felonies, one of which was for attempted murder in 2003.  PSR, at 27.  Probation calculated Davis's Offense Level at 43 and Criminal History Category at VI.  *Id.*  The PSR set out statutory provisions of 20 years to life, Guidelines of life imprisonment, and Probation recommended a life sentence.  *Id.*  The Government sought a Guidelines sentence of life imprisonment.  Dkt. 126, at 1.  At sentencing, Judge Forrest calculated Davis's Offense Level at 37 and Criminal History Category at VI, resulting in Guidelines of 360 months to life.  Sent'g Tr., Dkt. 138, at 22:9–11.  Judge Forrest subsequently imposed a sentence of 240 months' imprisonment followed by 10 years of supervised release.  Dkt. 128, at 2–3; Sent'g Tr., Dkt. 138, at 55:8–11.

---

[1] The Indictment charged Davis with conspiring to distribute and possess with intent to distribute five kilograms and more of mixtures and substances containing a detectable amount of cocaine, and 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in violation of  21 U.S.C. §§ 841(b)(1)(A) and 846 ("Count One"); conspiring to engage a murder for hire ("Count Two") and a substantive count of murder for hire ("Count Three") in violation of 18 U.S.C. §§ 1958 and 2; using, carrying, and possessing a firearm in relation to a crime of violence in violation of 18 U.S.C. §§ 924(j)(i) and 2 ("Count Four"); using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 ("Count Five"); and murder in connection with a drug crime in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2 ("Count Six").  Dkt. 51.

Davis filed a *pro se* motion for compassionate release on June 10, 2020.[2]  Dkt. 192.  This

Court appointed counsel for Davis on the motion, who filed a supplemental memorandum on

July 20.  Dkt. 195.   The Government opposes the motion.  Dkt. 196.  Davis has served 78

months of his 240-month imposed sentence, and his current projected release date is March 26,

2031.  Dkt. 195, at 2.

## DISCUSSION

I.        **Compassionate Release Standard**

The compassionate release statute at 18 U.S.C. § 3582(c)(1)(A)(i) "provides a limited

statutory exception to the general rule that a court may not modify a term of imprisonment once

it has been imposed."  *United States v. Morel*, 10 Cr. 798 (PAC), 2020 WL 3412907, at *2

(S.D.N.Y. June 22, 2020).  "Where a defendant has exhausted his administrative requirements or

where 30 days from the receipt of such a request has passed with no action by the warden,

compassionate release provides a mechanism for a court to reduce a term of imprisonment," after

considering any applicable policy statements from the Sentencing Commission and the

sentencing factors in 18 U.S.C. § 3553(a).  *United States v. Franco*, 12 Cr. 932 (PAC), 2020 WL

4344834, at *1 (S.D.N.Y. June 24, 2020).  The applicable policy statement is found at U.S.S.G. §

---

[2] Davis had an outstanding petition under 28 U.S.C. § 2255 at the time he filed his motion for compassionate release.  Dkts. 174–75.  This Court denied Davis's petition in full on September 21, 2020.

1B1.13 and provides useful but non-binding guidance to courts.[3] *Morel*, 2020 WL 3412907, at

*2 n. 2.

After determining whether the procedural prerequisites of 18 U.S.C. § 3582(c)(1)(A)

have been met, a court may go on to examine whether "extraordinary and compelling reasons"

are present in that defendant's case. *United States v. Marriott*, 1:18-cr-00339-PAC-12, 2020 WL

4883805, at *2 (S.D.N.Y. Aug. 19, 2020).   If extraordinary and compelling reasons are present,

the court may, after consideration of the 18 U.S.C. § 3553(a) factors, exercise its discretion to

grant a reduction.   18 U.S.C. § 3582(c)(1)(A)(i).   In the context of the COVID-19 pandemic, this

---

[3] Application Note 1 to U.S.S.G. § 1B1.13 addresses what constitutes extraordinary and
compelling reasons:

> (A) Medical Condition of the Defendant
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced
>> illness with an end of life trajectory).
>>
>> (ii) The defendant is (I) suffering from a serious physical or medical condition,
>> (II) suffering from a serious functional or cognitive impairment, or (III)
>> experiencing deteriorating physical or mental health because of the aging process,
>> that substantially diminishes the ability of the defendant to provide self-care
>> within the environment of a correctional facility and from which he or she is not
>> expected to recover.
>
> (B) Age of the Defendant—The defendant (i) is at least 65 years old; (ii) is experiencing
> a serious deterioration in physical or mental health because of the aging process; and
> (iii) has served at least 10 years or 75 percent of his or her term of imprisonment,
> whichever is less.
>
> (C) Family Circumstances—(i) The death or incapacitation of the caregiver of the
> defendant's minor child or minor children. (ii) The incapacitation of the defendant's
> spouse or registered partner when the defendant would be the only available
> caregiver for the spouse or registered partner.
>
> (D) Other Reasons—As determined by the Director of the Bureau of Prisons, there exists
> in the defendant's case an extraordinary and compelling reason other than, or in
> combination with, the reasons described in subdivisions (A) through (C).

has proven to be a "'fact-intensive' inquiry, made in the 'unique circumstances' and 'context' of

each individual defendant." *United States v. Brady*, S2 18 Cr. 316 (PAC), 2020 WL 2512100, at

*3 (S.D.N.Y. May 15, 2020) (internal citations omitted).

## II.   Application

### A. Exhaustion

Davis filed a request for compassionate release with his warden at FCI Loretto on April

18, 2020; that request was denied on April 29.  Dkt. 192, at 359; Dkt. 195, at 3.  The

Government agrees that Davis has exhausted his administrative remedies for purposes of this

motion.  Dkt. 196, at 7.  The Court finds that Davis has met the exhaustion requirement of 18

U.S.C. § 3582(c)(1)(A).

### B. Extraordinary and Compelling Reasons

This Court has consistently found that pointing to the mere existence COVID-19 either in

a prison facility or in society generally is not enough to satisfy the "extraordinary and compelling

reasons" requirement of 18 U.S.C. § 3582(c)(1)(A)—rather, a defendant must show "a genuine

need based in medical fact for a reduction in that specific defendant's sentence."  *United States v.*

*Kosic*, 18 Cr. 30 (PAC), 2020 WL 3100459, at *2 (S.D.N.Y. June 11, 2020).  *See, e.g.*, *United*

*States v. Kogan*, 16 Cr. 221-1 (KPF), 2020 WL 5441585, at *5 (S.D.N.Y. Sept. 9, 2020); *United*

*States v. Nwankwo*, 12 CR 31 (VM), 2020 WL 2490044, at *1 (S.D.N.Y. May 14, 2020).  The

particularized grounds Davis puts forth as his own "extraordinary and compelling reasons," apart

from the dangers of COVID-19, are that he has had asthma since he was seven or eight years old,

that he is prediabetic, and that he has allergies that require shots and which have the potential to

result in difficulty breathing.  Dkt. 192, at 350, 352–57; Dkt. 195, at 5, 11; Dkt. 199, at 6.  He

also submits that the conditions at FCI Loretto make social distancing and other precautionary measures impracticable.

The Government questions the severity of Davis's asthma diagnosis and that being prediabetic puts him at any heightened risk should he contract COVID-19 while in prison.  But this Court and others have found that an asthma diagnosis, in conjunction with other medical conditions and the dangers of COVID-19 in a carceral environment, can suffice for a finding of "extraordinary and compelling reasons."  *United States v. Canini*, 04 Cr. 283 (PAC), 2020 WL 4742910, at \*1, \*3 (S.D.N.Y. June 8, 2020); *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at \*1 (S.D.N.Y. Apr. 13, 2020).  The Court finds that there are extraordinary and compelling reasons here that permit it to consider a discretionary sentence reduction.

The Court makes its finding of "extraordinary and compelling reasons" wholly on the above-stated, medically relevant grounds.  The Defendant's arguments regarding the First Step Act's ("FSA") reduced mandatory minimum for his offense have no applicability here and go well outside the limited discretion afforded by the statute.  The Defendant's FSA argument proceeds on a theory that the FSA both ratcheted down the mandatory minimum for his offense (an adjustment he acknowledges does not apply retroactively), while other provisions of the Act amended the compassionate release statute to allow defendants to bring motions on their own behalf.  The Defendant invites the Court to blend these two provisions together and give him the benefit of a reduced mandatory minimum that Congress unambiguously decided should not apply to him.  *See* First Step Act of 2018, Pub. L. No. 115-391, § 401(c), 132 Stat. 5194 (stating that the amendment "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.").  It should go without saying that the Court will do no such thing.

### C.  Section 3553(a) Factors

Several of the 18 U.S.C. § 3553(a) factors counsel strongly against a sentence reduction for Davis, particularly the "nature and circumstances of the offense;" the "history and characteristics of the defendant;" and the need to "reflect the seriousness of the offense," "promote respect of the law," and "afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(1)–(2).

The Parties diverge considerably in their interpretations of the 62-page sentencing transcript.  While Judge Forrest's considerations and the "important social interests expressed in the imposed sentence," *Kosic*, 2020 WL 3100459, at \*2, are certainly relevant here, the compassionate release statute requires this Court to conduct its own review of the 18 U.S.C. § 3553(a) factors on Davis's motion.

This conviction was Davis's twelfth, and the need for both general and especially specific deterrence are evident.  Davis's cobbled-together arguments are particularly unconvincing when held up against this repeated, and apparently undeterred, criminal activity.  PSR, at 11–15.  He has served only about a third of his imposed sentence, and the Court cannot be confident that these deterrence objectives have been met.  *See Marriott*, 2020 WL 4883805, at \*3; *Morel*, 2020 WL 3412907, at \*4 (collecting cases).

### D.  Other Relief

As a final matter, the Court notes that both in his *pro se* submissions and the filings made by counsel Davis asks to be placed in home confinement for the remainder of his sentence, or that he be otherwise temporarily released or furloughed for the duration of the pandemic.  None of these forms of proposed relief are within the limited authority afforded by 18 U.S.C. § 3582(c)(1)(A), and they are denied.

7

## **CONCLUSION**

Davis's motion is DENIED without prejudice to its renewal should his health or

conditions at FCI Loretto materially worsen.  The Clerk of Court is directed to close the motions

at Dockets 192 and 195.


Dated: New York, New York                    SO ORDERED
      September 21, 2020

PAUL A. CROTTY
United States District Judge

8