# DOAR RIECK KALEY & MACK
ATTORNEYS AT LAW

October 6, 2020

JOHN DOAR (1921-2014)
JOHN F. KALEY
WALTER MACK

OF COUNSEL
JOHN JACOB RIECK, JR.
JAMES J. WASSERMAN
DAVID RIVERA
MICHAEL MINNEFOR

> Davis's motion for reconsideration is DENIED. The Second Circuit's holding in *United States v. Brooker*, No. 19-3218-CR, 2020 WL 5739712 (2d Cir. Sept. 25, 2020) does not alter this Court's reasoning that the 18 U.S.C. § 3553(a) factors counsel against a sentence reduction in his case. The Clerk of Court is directed to close the motions at Dockets 205 and 206.
>
> SO ORDERED.   *Paul A. Crotty*

ASTOR BUILDING
7TH FLOOR
217 BROADWAY
NEW YORK, N.Y. 10007-2911

TELEPHONE: (212) 619-3730
FACSIMILE: (212) 962-5037
e-mail: firm@doarlaw.com
website: www.doarlaw.com

September 30, 2020

**By ECF Filing**
Honorable Paul A. Crotty
United States District Judge
500 Pearl Street
New York, New York

Re:  *United States v. Matthew Davis*
<u>Docket No. 14 Cr. 296 (PAC)</u>

Dear Judge Crotty:

     I was appointed to represent the defendant in connection with the filing of a motion for a sentencing reduction pursuant to 18 U.S.C. 3582(c). By an Opinion & Order (the "Opinion") dated September 21, 2020 (ECF # 204), this Court denied the motion. I write now to request reconsideration of this Court's denial of the motion, particularly in light of the Second Circuit's recent decision in *United States v. Brooker* (for Appellant Zullo), decided on September 25, 2020 under USCA Docket No. 19-3218-cr.

     In ruling on the defense motion, this Court determined that Mr. Davis had exhausted his administrative remedies (Opinion at p. 5) and that the Mr. Davis had established "extraordinary and compelling reasons" based on the medically relevant grounds set forth in the Opinion. (Opinion at pp. 5-6). Nonetheless, the Court denied the Motion for a sentence reduction because, in the Court's view, the First Step Act ("FSA"), under which Mr. Davis sought a sentence reduction from 20 years to 15 years, was not made to apply retroactively by Congress and because of the Court's general concerns as to the specific deterrence of Mr. Davis.

     In our moving papers, we had pointed to cases where courts had determined that, while the sentencing changes to the FSA were not made to apply retroactively, there was enough space for Courts to conclude that the dramatic sentencing changes brought about by the FSA themselves constituted "extraordinary and compelling" reasons for the granting of a reduction in sentence. In the Opinion, however, this Court never reached that issue because it concluded simply that the FSA was not made to apply retroactively thereby not permitting this Court to

Honorable Paul A. Crotty                             2                          September 30, 2020

consider the changes in the sentencing mandatory minimums brought about by the FSA. But our argument was exactly that, i.e., while the FSA was not made to apply retroactively, the marked and substantial alteration of the mandatory sentencing scheme brought about by the FSA itself constituted an "extraordinary and compelling" reason for a sentence reduction and that the Court did have the power to reduce a sentence notwithstanding that the FSA was not retroactive.

The decision in *Brooker* indicates that our argument on this point was correct. In *Brooker*, the Circuit Court determined that the authority of a District Court to reduce a sentence under 18 U.C.C. 3582 was greater than that of the Bureau of Prisons. In *Brooker*, the Appellant Zullo, who 10 years previously had been sentenced to a mandatory minimum sentence of 15 years imprisonment, sought a sentencing reduction under the FSA. Zullo argued, *inter alia* (like Davis) that the sentence was unjustly long, that he (like Davis here) had shown exemplary rehabilitation while in custody, and that he (like Davis) maintains close relationships with family and has a support system waiting for him upon completion of his sentence. The district judge in *Brooker* denied Zullo's motion because the district judge was of the view that the Application Note 1(D) to U.S.S.G. 1B1.13 limited the circumstances that the court could consider as a basis for a reduction in sentence. In rejecting the district judge's narrow view of a district court's authority and power, the Second Circuit held that:

> "The First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release."

*Brooker*, Slip Op. at p. 18. The Court went on to opine that,

> "[i}t bears remembering that compassionate release is a misnomer. 18 U.S.C. S3582(c)(1)(A) in fact speaks of sentence reductions. A district court could, for instance, reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place. *Id*. Beyond this, a district court's discretion in this area – as in all sentencing matters – is broad." (citations omitted). *Brooker*, Slip Op. at p. 19.

In our respectful view, the dramatic changes to sentencing and specifically to the mandatory minimum sentences brought about by the FSA are themselves "extraordinary and compelling reasons" to justify a sentencing reduction in a particular case such as this. The Opinion, however, never reached this issue because it concluded that it could not because the FSA was not made to apply retroactively. But as we argued, and as we believe the decision in *Brooker* makes clear, there are no limits to what a defendant may present and a district judge may consider in passing on a motion for compassionate release and a sentencing reduction.

Further, here, as was the case for the defendant n *Brooker,* Mr. Davis relies on his exemplary institutional disciplinary record. And while we recognize that this Court's own independent views are important and controlling, we also are mindful of Judge Forrest's expressed sense that Ruben Davis, another person in the conspiracy who was far more culpable

than Mr. Matthew Davis and who also had a significant criminal past, received a sentence of 19 years.  The irony, and we think the unfairness of that disparity, was not lost on Judge Forrest who had the benefit of seeing and hearing Mr. Davis' own words of remorse at sentencing, all of which is reflected in Mr. Davis' sentencing transcript.

Going back to the decision in *Brooker*, the Second Circuit, in language applicable here, also recognized that the arguments made by Zullo (and in our view those made by Davis) "interact with the present coronavirus pandemic, which courts around the country, including in this circuit, have used as a justification for granting some sentence reduction motions." (citations omitted).  *Brooker,* Slip Op. at p. 20.  Our point simply is this:  To the extent that this Court was of the view that it lacked the authority and power to consider a sentence reduction because the FSA was not retroactive, the Court does have such authority and power.

Our point further is that a reduction in sentence from the mandatory 20 years imposed under the previous sentencing regime to a sentence of 15 years under the now-reduced FSA mandatory minimum, not only is permissible but it is required by notions of fairness.  Why should one defendant be sentenced to a mandatory 20 years the day before the enactment of the FSA and another defendant be sentenced one day after enactment of the FSA to a mandatory sentence of 15 years for the same or similar conduct?  As we noted in our reply submission, other judges in this Circuit and around the country have come to the conclusion that the lack of retroactivity in the FSA does not prohibit sentencing reductions in cases where, as here, the FSA has altered the mandatory minimum sentences for certain offenses.  *See* cases cited in our Reply submission dated August 17, 2020 (ECF # 199) at pp. 12-14.  None of those cases considered the lack of retroactivity in the FSA to be a bar to reducing a sentence.  On the contrary, the judges in those cases saw the dramatic reductions in mandatory minimum sentences for certain offenses under the FSA themselves as "extraordinary and compelling reasons" requiring a sentencing reduction if we were to have a system of imposing just punishments.

Judge Dearie's thoughtful and analytic opinion in *United States v. Haynes*, (E.D.N.Y. April 20, 2020) 2020 WL 1941478 is particularly instructive and was somewhat of a preview for the decision in *Brooker*.  In *Haynes*, Judge Dearie held that the changes in the FSA to the previous mandatory minimum sentencing regime – in that case the 924(c) "stacking" provisions under prior law – themselves constituted "extraordinary and compelling reasons" warranting a reduction in a defendant's sentence.  That is not much different from the stacking of the old pre-FSA mandatory 10-year add-on when the Government files a prior felony offender information (pursuant to 21 U.S.C. S 851) and thereby doubles the mandatory minimum sentence in a narcotics prosecution brought under 21 U.S.C 841(b)(1)(A) from ten years to twenty.  That was reduced under the FSA from a mandatory additional term of ten years was reduced to an additional mandatory term of five years.  Judge Dearie's logic is sound and applies equally here.

Finally, we understand that this Court in the Opinion expressed concerns about the need for deterrence given Mr. Davis' past criminal conduct.  But that is the point.  It is criminal conduct that is past.  Mr. Davis has done well in prison under difficult pandemic circumstances.  He has family who will support him when he is released.  He has accepted responsibility for his offense and he is motivated to succeed lawfully, as expressed in his letter to Judge Forrest, which she praised as among the best she had received in her years on the bench.  A reduction in sentence from 20 years to 15 years will not lessen the strong deterrent effect of the many years

Honorable Paul A. Crotty 4 September 30, 2020

that Mr. Davis will be spending in prison for his offense in this case. And a reduction in Mr. Davis' sentence at this time to 15 years would be an act of justice given the new and reduced mandatory minimum sentences provided for in the FSA, which this Court plainly has the authority and power to impose, and which, in our view, would be a sound and compassionate exercise of this Court's discretion.

      Thank you for Your Honor's consideration of this request for reconsideration of the Court's Opinion & Order.

                             Respectfully submitted,

                             /s/
                           John F. Kaley

cc: AUSA Abigail Kurland
    (Via ECF filing and email)